UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24757-BLOOM/Louis

UNITED STATES OF AMERICA,

    Plaintiff,
v.

CARLOS I. VERA,

    Defendant.
_____/

### ORDER ON MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff United States of America's ("Plaintiff") Motion for Entry of Default Final Judgment, ECF No. [11] (the "Motion"). A Clerk's Default, ECF No. [9] was entered against Defendant Carlos I. Vera ("Defendant" or "Vera") on December 18, 2019, as Defendant failed to appear, answer, or otherwise plead to the Complaint, ECF No. [1], despite having been served. ECF No. [5]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is granted.

### I.    BACKGROUND

On November 18, 2019, Plaintiff initiated this action, asserting two claims for failure to pay the balance on student loans. *See* ECF No. [1] ("Complaint"). In the Complaint, Plaintiff states that Vera is a resident of Miami-Dade County, Florida, and owes Plaintiff a total of $14,575.21, for which a demand has been made. *Id*. ¶¶ 2-4. Attached to the Complaint are Certificates of Indebtedness, ECF Nos. [1-3], [1-4] ("Certificates"), setting forth the amounts allegedly owed by Vera. As of the date of this Order, Defendant has not responded to the Complaint or otherwise appeared in this action.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states

a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *yco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

### III. DISCUSSION

Upon a review of Plaintiff's submissions, the Court finds a sufficient basis in the pleading to enter default judgment in Plaintiff's favor. Because Defendant has not appeared, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds Plaintiff's allegations well-pled, and sufficient to establish Defendant's liability. In order to establish a prima facie case of student loan default, Plaintiff must prove three elements: "(1) the defendant signed a promissory note for a student loan; (2) the government is the present owner or holder of the promissory note signed by the defendant; and (3) the promissory note is in default." *United States v. Foreman*, Case No: 6:14-cv-1965-Orl-40DAB, 2016 WL 1402885, at *2 (Mar. 21, 2016) (citing *United States v. Carter*, 506 F. App'x 853, 858 (11th Cir. 2013)).

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez*, 2011 WL 3843890, at *5. "Where all the essential evidence is on

record, an evidentiary hearing on damages is not required." *Id*. (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)). Plaintiff seeks a total of $14,575.21, representing unpaid principal in the amount of $4,295.46 and interest of $2,631.26 for Claim No. 2015A29397, and unpaid principal in the amount of $4,654.45, and interest of $2,994.04 for Claim No. 2015A29775. In support of the request, Plaintiff submits the Certificates. ECF Nos. [11-2], [11-3]. Accordingly, under the facts of this case and in light of the evidence contained in the record, the Court finds a hearing on damages unnecessary and the requested amount of damages justified.

In addition, Plaintiff seeks reimbursement of $45.00 for its cost for service of process. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted by*, 2011 WL 1598732, at *1 (S.D. Fla. Apr. 27, 2011).

The Court finds that these costs are reasonable, and were necessarily incurred in connection with the prosecution of this action against Defendant. *See EEOC v. W&O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000) (concluding that private process servers may be taxed pursuant to 28 U.S.C.

§ 1920(1) which permits taxation of "[f]ees of the clerk and marshal"). Plaintiff is therefore entitled to recover $45.00 in costs.

## IV. CONCLUSION

For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [11]**, is **GRANTED**;
2. Plaintiff is entitled to recover from Defendant a total of **$14,620.21**;
3. Pursuant to Rule 58(a), Fed. R. Civ. P., a Final Default Judgment in favor of Plaintiff and against Defendant shall follow in a separate order;
4. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 31, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Carlos I. Vera
12010 SW 106th Street
Miami, Florida 33186